UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                              :
PETE COLON, on behalf of himself and all others similarly :          14-CV-6632 (ARR)(RER)
situated,                                                     :
                                    Plaintiff,               :          NOT FOR ELECTRONIC
              -against-                                       :          OR PRINT PUBLICATION
TRIBORO PLUMBING AND HEATING                                  :
CORPORATION;  MICHAEL PASSALACQUA; and                        :          OPINION & ORDER
TRIBORO WATER MAIN AND SEWER                                  :
CORPORATION,                                                  :
                                    Defendants.              :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Before the court is a motion brought pursuant to Federal Rule of Civil Procedure 54(b)

for judgment as to one plaintiff.  Letter Mot., ECF No. 52.  Plaintiff Pete Colon filed this action,

as an individual and class representative, against his former employers, alleging violations of the

Fair Labor Standards Act and New York Labor Law.  Compl., ECF No. 1.  On June 16, 2016,

defendants filed notice that Colon had accepted their Rule 68 Offer of Judgment.  Notice of

Acceptance of Defs.' Rule 68 Offer of J., ECF No. 43.  On June 23, 2016, opt-in plaintiff

Sheldon Cox joined the lawsuit.  Consent, ECF No. 44.  On August 4, 2016, opt-in plaintiffs

Aldo Chavez, Efrain Rivera, and Stuart Canty joined the lawsuit.  Consent, ECF No. 49;

Consent, ECF No. 50; Consent, ECF No. 51.  On November 22, 2016, Colon filed the present

motion, requesting that judgment be entered as to him and that the court order a signed

stipulation resolving the attorneys' fees and costs portion of the Rule 68 offer and acceptance.

Letter Mot., ECF No. 52, at 2.

The motion is granted.  Rule 54(b) allows a court to "direct entry of a final judgment as

to one or more, but fewer than all . . . parties only if the court expressly determines that there is

no just reason for delay."  Fed. R. Civ. P. 54(b).  Rule 54(b) requires that (1) there are multiple

claims or multiple parties, (2) at least one claim, or the rights of at least one party, have been finally determined, and (3) there is no just reason for delay.  Lankler Siffert & Wohl, LLP v. Rossi, No. 02 Civ. 10055(RWS), 2004 WL 541842, at *2 (S.D.N.Y. Mar. 19, 2004) (citing Ginett v. Comput. Task Grp., 962 F.2d 1085, 1091 (2d Cir. 1992)).  A claim has been finally decided "[i]f the decision . . . 'leaves nothing for the court to do but execute the judgment.'" Ginett, 962 F.2d at 1092 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)).

To weigh whether there is just reason for delay, a district court should consider whether (1) "the claims under review [a]re separable from the others remaining to be adjudicated," Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980)); (2) "the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals," id.; and (3) "the equities favor entry of such a judgment."  Novick v. AXA Network, LLC, 642 F.3d 304, 314 (2d Cir. 2011).

The Second Circuit has cautioned against overuse of Rule 54(b), explaining that it is "an exception to th[e] general principle" that "in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'"  Novick, 642 F.3d at 310 (quoting Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991)). The circuit's concern is animated by the "historic federal policy against piecemeal appeals."  Id. (quoting Curtiss-Wright, 446 U.S. at 8).  Because "[d]elay in the ability to execute on a settlement 'is exactly the sort of hardship and denial of justice through delay that rule 54(b) was designed to eliminate," In re September 11 Litig., No. 21 MC 101 (AKH), 2010 WL 3260141, at *1 (S.D.N.Y. July 23, 2010) (quoting Ginett, 962 F.2d at 1097), courts in this circuit grant Rule 54(b) motions where some parties have settled their claims to facilitate consummation of the settlement and expedite distribution of settlement proceeds.  See, e.g., In re DDAVP Direct

2

Purchaser Antitrust Litig., No. 05 Civ. 2237, 2011 WL 12627961, at *6 (S.D.N.Y. Nov. 28, 2011); Cromer Fin. Ltd. v. Berger, No. 00 Civ. 2284(DLC), 2002 WL 31388721, at *2 (S.D.N.Y. Oct. 23, 2002); Reading Indus., Inc. v. Kennecott Copper Corp., No. 71 Civ. 1736, 1975 WL 856, at *1 (S.D.N.Y. Feb. 13, 1975).

The first two requirements of Rule 54(b) are easily met.  There are multiple plaintiffs, and one plaintiff's claims have been finally decided by settlement.  I also find that there is no just reason for delay.  First, Colon's claims are separable from those of the remaining plaintiffs.  Second, because the Rule 68 offer expressly states that "Plaintiff's acceptance of this offer of judgment is in full satisfaction and settlement of all claims (federal and state) asserted against Defendants in this action," Offer Pursuant to Fed. R. Civ. P. 68, ECF No. 43-1, at 1, I assume there can be no appeal of this judgment.  Therefore, there will not be "piecemeal appeals." Curtiss-Wright, 446 U.S. at 8.  Finally, the equities favor allowing Colon to fully collect on his settlement now, rather than holding his recovery hostage to potentially protracted litigation in which he will not participate.

The clerk is therefore directed to enter judgment as to Colon and update the caption to reflect that opt-in plaintiffs Cox, Chavez, Rivera and Canty remain as named plaintiffs in the current action.  The stipulation regarding attorneys' fees and costs, filed at ECF No. 52-1, is ordered.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge


Dated:          November 30, 2016
                Brooklyn, New York

3